**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| PAULINE FERMANIS and GEORGE MOORE, III,<br><br>Plaintiff,<br><br>v.<br><br>SENECA INSURANCE COMPANY, INC.,<br><br>Defendant. | ) | Civil Action File No: **1:16-cv-00620-MHC** |

**<u>SENECA'S OBJECTIONS AND COLLINS & COMPANY'S RESPONSE TO SUBPOENA TO NON-PARTY COLLINS & COMPANY</u>**

COMES NOW Defendant Seneca Insurance Company, Inc. ("Seneca") and Non-Party Collins & Company ("Collins") (hereinafter "Respondents"), and presents the following responses and objections to propounders' subpoena:

**PRELIMINARY STATEMENT**

(a) The following responses and objections are based upon information presently available to this respondent, which this respondent believes to be correct. These responses are made without prejudice to this respondent's right to utilize subsequently discovered facts and documents.

(b) The fact that this respondent has produced documents must not be taken as an admission that this respondent accepts or admits the relevance or admissibility of those documents at trial.

(c) These responses may be supplemented upon this respondent's further investigation and acquisition of information that this respondent either does not possess or cannot locate at this time. But any further supplementation will be made only in accordance with the applicable rules of civil procedure.

(d) Despite any "definitions" or preliminary instructions contained within propounders' requests, this respondent will provide responses only that are required under the applicable rules of civil procedure.

(e) Respondent objects to any "definitions" or instructions preceding propounders' requests that seek information or documents constituting work product, material protected by attorney-client privilege, opinion work product, or any other privilege or protection.

(f) This Preliminary Statement is incorporated into each response below.

**GENERAL OBJECTION NO. 1**

Respondent objects to producing work product information prepared in anticipation of litigation as Fed. R. Civ. P. 26 protects. *FTC v. Grolier Inc.*, 462 U.S. 19, 25 (1983) (attorney work product is exempt from mandatory disclosure without regard to the status of the litigation for which it was prepared).

**GENERAL OBJECTION NO. 2**

Respondent objects to producing documents reflecting attorney-client communications, including items as to which the attorney acquired his knowledge by his own observation where observation was as a result of his professional employment. *Frontier Refining Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 699 (1998) (state law supplies rule of decision on attorney-client privilege in diversity cases); *Southern Guar. Ins. Co. of Ga. v. Ash*, 192 Ga. App. 24, 383 S.E.2d 579 (1989); *Taylor v. Taylor*, 179 Ga. 691, 177 S.E. 582 (1934).

**GENERAL OBJECTION NO. 3**

Respondent also objects to the production of any opinion work product. Fed. R. Civ. P. 26(b)(3) expressly requires the trial court to "protect against disclosure of the "mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation." This portion of the rules of civil procedure prohibits discovery of "opinion work product." *Hisaw v. Unisys Corp.*, 134 F.R.D. 151 (W.D. La. 1991) (ordinary work product is discoverable only upon a showing of substantial need and opinion work product is never discoverable); *Upjohn Co. v. United States*, 449 U.S. 383, 401-02 (1981) (showing substantial need and inability to obtain other information without undue hardship is insufficient to compel disclosure); *In re Murphy*, 560 F.2d 326, 336 (8th Cir. 1977) ("nearly absolute immunity"); *Duplan Corp. v. Moulinage et*

*Retorderie de Chavanoz*, 509 F.2d 730, 732 (4th Cir. 1974) (opinion work product is absolutely protected).

**GENERAL OBJECTION NO. 4**

Respondent objects to producing confidential information or information that constitutes confidential commercial information entitled to protection under Fed. R. Civ. P. 26(c)(7). Insofar as any requested documents contain confidential proprietary information, Respondent objects to producing the documents without an appropriate protective order.

**GENERAL OBJECTION NO. 5**

Respondent objects to "blanket" requests for production because they are forbidden by law. In *West v. Nodvin*, 196 Ga. App. 825, 397 S.E.2d 567, 570 (1990), the court stated the following regarding a request for "any business books and records which reflected payments received for legal services rendered": "Even if some of these [requested documents] may have been relevant . . . no court should impose upon the opposite party the onerous task of producing great quantities of records which have no relevancy. The notice should be specific enough in its demands to relate the documents sought to the questions at issue." *See also In Re IBM Peripheral EDP Device*, 77 F.R.D. 29, 41-42 (N.D. Cal. 1977).

**GENERAL OBJECTION NO. 6**

Respondent objects to providing information beyond the "scope of discovery" defined as "any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." Fed. R. Civ. P. 26(b)(1).

**RESPONSES TO SUBPOENA**

1.

**Collins's entire file related to any involvement of Collins in the investigation, estimation and adjustment of the Claim or any portion of the Claim, the Property Damage Loss and/or the Business Income Loss arising out of the Fire Loss, including, but not limited to, any and all communications or documents (see definition above for list of items to be included) in Collins possession or in the possession of any of Collins employees, including any documents in the possession of Ryan Watson or Jim Johnston.**

**RESPONSE**:

Respondents object to the extent this Request seeks information protected by the work product doctrine, seeks information and documents prepared in anticipation of litigation, and seeks information protected from disclosure by Fed. R. Civ. P. 26(b)(4). Notwithstanding the forgoing, please see attached documents.

2.

**Any and all communications or documents (see definition above for list of items to be included) exchanged between Collins and Seneca with regard to the Claim or any portion of the Claim, the Property Damage Loss and/or the Business Income Loss arising out of the Fire Loss.**

**RESPONSE:**

Respondents object to the extent this Request seeks information protected by the work product doctrine, seeks information and documents prepared in anticipation of litigation, and seeks information protected from disclosure by Fed. R. Civ. P. 26(b)(4). Notwithstanding the forgoing, please see attached documents.

3.

**Any and all Communications or Documents exchanged between Collins and Insureds or representatives of the Insureds with regard to the Claim or any portion of the Claim, the Property Damage Loss and/or the Business Income Loss arising out of the Fire Loss.**

**RESPONSE:**

Please see attached.

4.

**Any and all Communications or Documents exchanged between Collins and any third parties with regard to the Claim or any portion of the Claim,**

**the Property Damage Loss and/or the Business Income Loss arising out of the Fire Loss.**

**<u>RESPONSE</u>:**

Respondents object to the extent this Request seeks information protected by the work product doctrine, seeks information and documents prepared in anticipation of litigation, and seeks information protected from disclosure by Fed. R. Civ. P. 26(b)(4). Notwithstanding the forgoing, please see attached documents.

5.

**Any and all communications or documents (see definition above for list of items to be included) exchanged between Collins and any representative of J.S. Held and/or Keith Pilcher with regard to the Claim or any portion of the Claim, the Property Damage Loss and/or the Business Income Loss arising out of the Fire Loss.**

**<u>RESPONSE</u>:**

Respondents object to the extent this Request seeks information protected by the work product doctrine, seeks information and documents prepared in anticipation of litigation, and seeks information protected from disclosure by Fed. R. Civ. P. 26(b)(4). Notwithstanding the forgoing, please see attached.

6.

**Any and all communications or documents (see definition above for list of items to be included) exchanged between Collins and any representative of CGM Accounting Associates and/or Anthony Ciccodicola with regard to the Claim or any portion of the Claim, the Property Damage Loss and/or the Business Income Loss arising out of the Fire Loss.**

**RESPONSE:**

Respondents object to the extent this Request seeks information protected by the work product doctrine, seeks information and documents prepared in anticipation of litigation, and seeks information protected from disclosure by Fed. R. Civ. P. 26(b)(4). Notwithstanding the forgoing, please see attached documents.

7.

**Copy of all contracts or agreements between Collins and Seneca that pertain to any work done by any representative of Collins as an investigator, adjuster, estimator or accountant on claims for Seneca that in any manner extend to the any work on the Insureds' Claim.**

**RESPONSE:**

Collins states that it is unaware of the existence of any documents responsive to this Request.

8.

**All photographs, videos, drawings or other depictions of the nature, scope, extent or value of physical damage the Property from the Fire Loss taken or created by any person or entity.**

**RESPONSE:**

**Please see attached.**

9.

**All recorded statements, written or otherwise, in your possession in any manner related to the Insureds' Claim.**

**RESPONSE:**

Respondents object to the extent this Request seeks information protected by the work product doctrine, seeks information and documents prepared in anticipation of litigation, and seeks information protected from disclosure by Fed. R. Civ. P. 26(b)(4). Notwithstanding the forgoing, please see attached reports of Collins & Co. and written correspondence.

10.

**All affidavits obtained from any person or expert in any manner related to the Insureds' Claim.**

**RESPONSE:**

Collins states that it is unaware of the existence of any documents responsive to this Request.

Respectfully submitted,

DREW ECKL & FARNHAM, LLP

/s/ Paul W. Burke
Paul W. Burke
Georgia Bar No. 095642
Eric R. Mull
Georgia Bar No. 556860

880 W. Peachtree Street
P.O. Box 7600
Atlanta, GA 30357-0600

6467595/1
05596-120700

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| PAULINE FERMANIS and GEORGE MOORE, III, | ) | |
| Plaintiff, | ) | Civil Action File No: **1:16-cv-00620-MHC** |
| v. | ) | |
| SENECA INSURANCE COMPANY, INC., | ) | |
| Defendant. | ) | |

I hereby certify that I have this day filed electronically the foregoing **SENECA'S OBJECTIONS AND COLLINS & COMPANY'S RESPONSE TO SUBPOENA TO NON-PARTY COLLINS & COMPANY** using the CM/ECF system, which will automatically send e-mail notification to the following attorneys of record:

C. Michael Johnson
The Johnson Insurance Law Group, LLC
Laurie E. Dugoniths, Esq.
1629 Monroe Drive, N.E.
Atlanta GA 30324-5003

This 8th day of June, 2016.

/s/ Paul W. Burke
Paul W. Burke
Georgia Bar No. 095642

P.O. Box 7600
Atlanta, Georgia 30357-0600
(404) 885-1400
(404) 876-0992 (fax)

Counsel for Defendant certifies that this pleading complies with Local Rule 7.1D.

6467595/1
05596-120700